KERN v. BOONEVILLE AND SANATORIUM HIGHWAY DISTRICT.

Opinion delivered June 5, 1922.

1. HIGHWAYS—IMPROVEMENT DISTRICT—CONTRACTS.—Where, after an engineer, employed to do the preliminary and constructive work in building a highway for five per cent. of the cost of construction, had done the preliminary work, it was found imprac-

ticable to construct the highway, the engineer was entitled to recover, not under the contract, which was premature, but on *quantum meruit.*

2.    HIGHWAYS—ENGINEER'S COMPENSATION.—Where an engineer was employed to prepare the plans and specifications for building a highway 4½ miles long at a cost not to exceed $75,000, and, instead of doing so, he prepared plans for a highway to cost over $200,000, a finding of the chancellor that he did not act in good faith in preparing the plans, and therefore was not entitled to any compensation, will be sustained.

Appeal from Logan Chancery Court, Southern District; *J. V. Bourland,* Chancellor; affirmed.

*S. L. White,* for appellant.

*Kincannon & Kincannon* and *Joseph M. Hill, amicus curiae,* for appellee.

McCULLOCH, C. J.    The General Assembly, at the extraordinary session in February, 1920, by special statute created a road improvement district designated as the Booneville and Sanatorium Highway District, in Logan County, for the purpose of improving the public road from Booneville to the State tuberculosis sanatorium.

The statute provided that the improvement should be constructed of "asphaltic macadam, warrenite, asphaltic concrete, or of some similar durable, tried and proved materials consistent with the permanency of the improvement contemplated and the economical upkeep of the same, as the judgment of the commissioners may indicate as being for the best interest of the district."

The commissioners of the district entered into a contract with appellant, who was a professional engineer, for the purpose of doing the engineering work, both preliminary and constructive. Appellant did the preliminary work and furnished plans for and estimates of the cost of the construction of the improvement, showing a cost of $204,968, and the further sum of $106,405 for improving the streets in three adjoining blocks in the city of Booneville.

The estimates of the cost far exceeded the probable benefits, though the point of assessing benefits was never

reached in the progress of affairs, and it was found impracticable to construct the improvement. In fact, an action was instituted by the property owners in the chancery court against the commissioners, and a final decree was rendered enjoining the commissioners from constructing the improvement.

In appellant's contract with the district it was stipulated that he was to receive five per centum of the total cost of construction as compensation for his services, payable in installments. The contract was in the usual form, such as has come before us in recent cases dealing with the subject of engineer's fees. The contract was premature, and appellant's compensation for the work done is to be determined upon the *quantum meruit* rule. *Bowman Engineering Co.* v. *Arkansas-Missouri Highway Dist.*, 151 Ark. 47.

Appellant claimed compensation in the sum of $6,222.28, which was two-fifths of five per centum of the total estimated cost of the improvements, including the improvement of streets in the city of Booneville, but during the progress of the trial he reduced this claim to $4,752.28. A hearing before the chancery court on oral and documentary evidence resulted in a finding that appellant was not entitled to any compensation for his services, and the court dismissed his complaint for want of equity.

According to the evidence, the promotion of the enterprise originated in a conference between the trustees of the State tuberculosis sanatorium and certain citizens of Booneville, and plans were discussed for the improvement of the road in question, a distance of about four and one-half miles. It was suggested that the trustees would use an available fund of $6,000, that the county would contribute $1,000 from its funds, and a district would be formed for taxation to raise $6,000 more, and that the balance would be furnished out of the State road fund, making a total estimated cost of about $25,000. Later it was concluded that it would cost more than that—approximately $60,000 or $75,000.

The statute finally passed creating the district was prepared in the office of the State Highway Commission, and, according to the evidence, the original promoters of the road had nothing to do with its details.

There were other bidders for the engineering contract, but it was let to appellant, and he went to Booneville to close the contract. The evidence shows that in the conferences with the commissioners, particularly at a certain meeting mentioned by some of the witnesses, information was communicated to appellant that it was understood that the road would not cost more than sixty or seventy-five thousand dollars.

Appellant prepared plans and estimates for a cost of $204,698, in addition to the cost of improving the streets in Booneville, which was not included in this district.

Appellant directed his proof to the question of amount of compensation for preparing the plans and specifications which he furnished to the commissioners, but the first question which confronts us for determination is whether or not the chancery court was correct in its finding that appellant was not entitled to any compensation at all. Therefore, for the present it is unnecessary to decide what compensation appellant would be entitled to if he should be allowed anything at all.

The contention is that appellant is not entitled to any compensation because he did not perform the services in good faith, and that his services did not produce results of any value whatever to the district.

The statute under which the commissioners and the engineer were proceeding prescribed the type of construction to be employed in improving the road, and, according to the evidence adduced before the court, appellant was informed concerning the expense to be incurred, which implied the limit of resources of the district, and the conclusion is justified that he did not act in good faith in proceeding with the preliminary work of preparing the plans and specifications, when he must have known in advance that it was not possible to construct the improve-

ment within the limits outlined by the commissioners. Some of appellant's own witnesses testified that any person with technical knowledge on the subject would have known, by casual observation, in advance, that the improvement could not be made within the limit of cost expressed by the commissioners.

Appellant's skill as an engineer is unquestioned, and the fact that he had information of the plans and notions of the commissioners with respect to the cost of the improvement leads irresistibly to the conclusion that in continuing with the work, which he must have known would go far beyond their expectations in point of cost, he did not act in good faith, and, since his work had not been of any value to the district, there is no reason why he should be paid compensation.

There is a conflict in the testimony as to what information was imparted to appellant, but we think that the finding of the chancellor on this issue was not against the preponderance of the evidence. One of the commissioners, and also the attorney for the district, testified that at the preliminary conferences appellant was informed as to the maximum cost of the improvement, and the inference is justified that appellant knew before he proceeded to any substantial extent with his work that the road could not be built within the limit of cost announced by the commissioners or within the maximum resources of the district.

There is other testimony from disinterested sources that appellant in preparing the plans adopted unnecessary methods, particularly with reference to the grade of the road, which called for more expensive improvement than was necessary.

Our conclusion, upon the whole, is that the testimony does not preponderate against the finding of the chancery court that appellant did not perform his work in good faith, so as to produce results of any value to the district.

The decree is therefore affirmed.